## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

**CIVIL ACTION NO. 09-70-JBC**

**JUDY LUNSFORD GROSS,**                                                    **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                              **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court upon cross-motions for summary judgment on Jody L. Gross's appeal of the Commissioner's denial of her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") (R. 12, 14). The court will deny Gross's motion and grant the Commissioner's motion.

I.     **Overview of the Process**

Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the relevant legal standards were properly applied. *See Brainard v. Sec'y of Health & Human Servs*., 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs*., 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Sec'y of Health & Human Servs*., 667

F.2d 524, 535 (6th Cir. 1981)).  The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *Ibid.*  Rather, the ALJ's decision must be affirmed if it is reasonably supported by substantial evidence, even though the court might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

## II.    The ALJ's Determination

At the time of the alleged disability onset date, Gross was a forty-seven-year-old female.  *See* AR 24.  She alleges disability beginning on June 5, 2005, due to a variety of physical impairments.  *See* AR 17, 83.  Gross filed claims for DIB

2

and SSI on October 11, 2005.  *See* AR 17.  The claims were denied initially on

January 9, 2006, and again upon reconsideration on June 19, 2006.  *Ibid*.  After a

hearing on March 20, 2008, Administrative Law Judge ("ALJ") Frank Letchworth

determined that Gross has not suffered from a disability as defined by the Social

Security Act since June 5, 2005.  *See* AR 25.

At Step 1, the ALJ found that Gross had not engaged in substantial gainful

activity since the alleged disability onset date.  *See* AR 19.  At Step 2, the ALJ

found that Gross has the following severe combination of impairments: mild

degenerative changes of the cervical and lumbar spine, chronic right elbow

tendinitis, and substance-induced mood disorder.  *See* AR 19-21.  At Step 3, the

ALJ determined that Gross does not have an impairment or a combination of

impairments that meets or medically equals one of the listed impairments in

the Code of Federal Regulations.  *See* AR 21.

In assessing Gross's claim at Steps 4 and 5, the ALJ found that she had a

residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R.

404.1567(b) and 416.967(b) that will allow her to alternate between sitting and

standing every 45 minutes, and that does not require any crawling, climbing of

ladders, ropes, and scaffolds, use of the right-upper extremity for constant

movement, exposure to unprotected heights and workplace hazards, or more

than occasional overhead motions with upper extremities, stooping, bending,

crouching, or climbing stairs/ramps.  In addition, he found that Gross is limited to

3

simple, 1-2 step instructions within work that involves no more than occasional, casual interaction with others, and that will accommodate a moderately limited ability to maintain attention and concentration for extended periods, maintain regular attendance and punctuality, and respond appropriately to changes in the work setting. *See* AR 21-23.  At Step 4, the ALJ found Gross unable to perform her past relevant work as a sewing machine operator, sales attendant, assembler, and patient aide.  *See* AR 23-24.  Finally, at Step 5, the ALJ determined that due to her age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that she can perform.  *See* AR 24-25.  The Appeals Council denied her request for review on January 16, 2009, and she commenced this action.  *See* AR 8; R. 2.

**III.    Analysis**

Gross argues that the ALJ's decision should be reversed because she is disabled on account of evidence from a) treating and examining physicians; b) lay persons; c) the Vocational Expert ("VE"); and on account of d) the ALJ's misapplication of the proper legal standard in regard to her pain.

**A.  Physicians**

In her motion, Gross quotes a regulation that describes those who are likely to be treating sources, 20 C.F.R. § 404.1527(d)(2), and a Sixth Circuit Court of Appeals case, *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004), that explains when an ALJ must give controlling weight to the opinion of a treating

source.  However, she makes no argument other than the conclusory statement that "the overwhelming weight of the treating and examining physician opinions prove[s] that JUDY LUNSFORD GROSS is totally disabled."  R. 12.  In this case, the ALJ took into proper consideration the opinions of Dr. Schremly, a treating physician, and others in proceeding through Steps 3, 4, and 5 in the sequential evaluation process.  *See* AR 19-22; C.F.R. §§ 404.1527(d)(2), 416.927.  For example, the ALJ carefully considered Gross's treatment records at Cumberland Regional Comprehensive Care Center, including year-to-year scores, supervised by her doctors, of Gross's Global Assessments Functioning.  *See* AR 19-21, 386-405, 424-25, 548-65.  Gross does not point to any example of an opinion of a treating or examining source and explain why it was either ill-considered or inappropriately disregarded by the ALJ.  With the exception of a nurse practitioner, as explained below, none of the opinions of treating or examining sources is inconsistent with the ALJ's determinations concerning the Listing of Impairments, RFC, or findings about ability to perform past relevant work.

### B.  Lay testimony

Gross argues that "benefits should be granted because the lay testimony proves that JUDY LUNSFORD GROSS is totally disabled."  She claims that she paid taxes for forty-five quarters and contributed to Social Security Disability Insurance before becoming disabled in 2005, and that the ALJ did not set forth "specific reasons" for his finding that her testimony lacked credibility.  *See* R. 12.  However,

the ALJ devoted considerable attention to explaining the inconsistencies between

the documentary evidence and Gross's testimony.  For example, despite positive

tests for cocaine, marijuana, and benzodiazapenes, she denied using drugs in 2005.

*See* AR 254.  Gross's chronic drug use was the subject of multiple inconsistencies

between her statements and other parts of the record.  *See generally* AR 251-355,

386-405, 518-31, 672-701.  Her statements about intensity, persistence, and

limiting effects of her pain do not match medical evidence of her physical injuries

and diseases.  *See* AR 374-77, 562, 565, 690.  These inconsistencies "erode the

credibility of her allegation of totally disabling symptoms."  AR 23.  Presumably,

the lay testimony that Gross refers to in her motion is her own.  However, she may

argue in reference to a nurse practitioner, Trudy Morgan, *see* 20 C.F.R. §§

404.1513(a), 416.913(a), the opinion of whom the ALJ discussed in his findings.

He found that her opinions, *see* AR 570-76, were not supported by longitudinal

findings or evidence of record, such as right elbow x-rays in 2007, and evaluations

by multiple physicians.  *See, e.g.,* AR 377.  Accordingly, he permissibly afforded

Morgan's opinion little weight.  *See* AR 23; SSR 06-03p.

####    C. Vocational Expert

At a hearing of the case, the ALJ posed hypotheticals to a VE, Katherine

Bradford, to assist him in understanding Gross's case at steps 4 and 5 of the

sequential evaluation.  In response to certain hypotheticals posed by the ALJ and

Gross's attorney, the VE answered that such a person would "be unable to

maintain any competitive employment." AR 700. Gross argues that this means that she is "totally disabled." R. 12. However, the hypothetical questions which caused the VE to respond in that manner were those which included limitations consistent not with the ALJ's finding of Gross's RFC, but rather with those limitations assessed by the nurse practitioner, Trudy Morgan, and by Gross herself. *See* AR 696-700. For reasons noted above, the ALJ permissibly discounted the answers of the VE based on hypotheticals that did not reflect what he found to be Gross's limitations as stated in her RFC.

### D. Application of the "pain standard"

Without substantive argument, Gross quotes Sixth Circuit case law providing that if pain is the result of a medical impairment, it alone may be severe enough to constitute a disability. *See* R. 12; *See King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984). She also recites a checklist of factors used by courts to evaluate symptoms. *See* R. 12; *Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994). However, Gross does not explain how the ALJ misapplied any legal standard related to pain. In his opinion, the ALJ found that Gross's testimony concerning her pain was not consistent with other evidence in the record and was generally not credible. *See* AR 22; *Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003); *Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1988) (citing 42 U.S.C. § 423(d)(5)(A) and *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987)). The record includes various inconsistencies from

which, in part, the ALJ properly made his findings in regard to Gross's complaints of pain. *See, e.g.,* AR 22-23, 565, 690.

## IV.  Conclusion

None of Gross's arguments leads to the conclusion that there is not substantial evidence in the record to support the ALJ's decision, or that the ALJ misapplied relevant legal standards. *See Brainard*, 889 F. 2d at 681.  Accordingly,

**IT IS ORDERED** that the ALJ's decision to deny benefits is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the plaintiff Judy Lunsford Gross's motion for summary judgment (R. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (R. 14) is **GRANTED**.  Judgment is entered contemporaneously with this order.

Signed on  March 30, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY